## <u>ORAL ARGUMENT NOT YET SCHEDULED</u>

No. 22-5295

---

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

CENTER FOR BIOLOGICAL DIVERSITY, DEFENDERS OF WILDLIFE,
and TURTLE ISLAND RESTORATION NETWORK,

*Plaintiffs-Appellants*,

v.

NATIONAL MARINE FISHERIES SERVICE and GINA RAIMONDO, in her
official capacity as Secretary of Commerce,

*Defendants-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
NO. 1:21-CV-00930-BAH
HONORABLE BERYL A. HOWELL, U.S. DISTRICT COURT JUDGE

---

## ADDENDUM OF STATUES AND REGULATIONS

---

Christopher D. Eaton (CADC Bar No. 60490)
Grace P. Bauer (CADC Bar No. 64171)
Stephen D. Mashuda (CADC Bar No. 60505)
EARTHJUSTICE
810 Third Ave., Suite 610
Seattle, WA 98104
206-343-7340 Telephone
415-217-2040 Fax
ceaton@earthjustice.org
gbauer@earthjustice.org
smashuda@earthjustice.org

*Attorneys for Plaintiffs-Appellants Center for Biological Diversity, Defenders of Wildlife, and Turtle Island Restoration Network*

## TABLE OF CONTENTS

5 U.S.C. § 553 ................................................................................................1

5 U.S.C. § 706 ................................................................................................2

16 U.S.C. § 1531 ............................................................................................3

16 U.S.C. § 1532 ............................................................................................4

16 U.S.C. § 1533 ............................................................................................5

16 U.S.C. § 1536 ............................................................................................7

16 U.S.C. § 1538 ............................................................................................8

16 U.S.C. § 1539 ............................................................................................9

28 U.S.C. § 1291 ..........................................................................................10

28 U.S.C. § 1331 ..........................................................................................11

40 C.F.R. § 1502.14 (2019) .........................................................................12

40 C.F.R. § 1502.15 (2019) .........................................................................13

40 C.F.R. § 1502.16 (2019) .........................................................................14

40 C.F.R. § 1508.27 (2019) .........................................................................15

46 C.F.R. § 24.10-1 ......................................................................................16

50 C.F.R. § 223.205 ......................................................................................17

50 C.F.R. § 223.206 (2018) .........................................................................18

50 C.F.R. § 223.207 ......................................................................................20

## 5 U.S.C. § 553

## § 553. Rule making

 …

(c) After notice required by this section, the agency shall give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments with or without opportunity for oral presentation. After consideration of the relevant matter presented, the agency shall incorporate in the rules adopted a concise general statement of their basis and purpose. When rules are required by statute to be made on the record after opportunity for an agency hearing, sections 556 and 557 of this title apply instead of this subsection.

## 5 U.S.C. § 706

### § 706. Scope of review

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

(1)  compel agency action unlawfully withheld or unreasonably delayed; and

(2)  hold unlawful and set aside agency action, findings, and conclusions found to be—

    (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

    (B) contrary to constitutional right, power, privilege, or immunity;

    (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

    (D) without observance of procedure required by law;

    (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

    (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

## 16 U.S.C. § 1531

## § 1531. Congressional findings and declaration of purposes and policy

…

(b)  Purposes

The purposes of this chapter are to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, to provide a program for the conservation of such endangered species and threatened species, and to take such steps as may be appropriate to achieve the purposes of the treaties and conventions set forth in subsection (a) of this section.

## 16 U.S.C. § 1532

### § 1532. Definitions

…

(3)   The terms "conserve", "conserving", and "conservation" mean to use and the use of all methods and procedures which are necessary to bring any endangered species or threatened species to the point at which the measures provided pursuant to this chapter are no longer necessary. Such methods and procedures include, but are not limited to, all activities associated with scientific resources management such as research, census, law enforcement, habitat acquisition and maintenance, propagation, live trapping, and transplantation, and, in the extraordinary case where population pressures within a given ecosystem cannot be otherwise relieved, may include regulated taking.

…

(19) The term "take" means to harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct.

## 16 U.S.C. § 1533

## § 1533. Determination of endangered species and threatened species

…

(f)  Recovery plans

(1)  The Secretary shall develop and implement plans (hereinafter in this subsection referred to as "recovery plans") for the conservation and survival of endangered species and threatened species listed pursuant to this section, unless he finds that such a plan will not promote the conservation of the species. The Secretary, in developing and implementing recovery plans, shall, to the maximum extent practicable—

(A)  give priority to those endangered species or threatened species, without regard to taxonomic classification, that are most likely to benefit from such plans, particularly those species that are, or may be, in conflict with construction or other development projects or other forms of economic activity;

(B)  incorporate in each plan—

(i)  a description of such site-specific management actions as may be necessary to achieve the plan's goal for the conservation and survival of the species;

(ii)  objective, measurable criteria which, when met, would result in a determination, in accordance with the provisions of this section, that the species be removed from the list; and

(iii) estimates of the time required and the cost to carry out those measures needed to achieve the plan's goal and to achieve intermediate steps toward that goal.

(2)  The Secretary, in developing and implementing recovery plans, may procure the services of appropriate public and private agencies and institutions, and other qualified persons. Recovery teams appointed pursuant to this subsection shall not be subject to chapter 10 of title 5.

(3)  The Secretary shall report every two years to the Committee on Environment and Public Works of the Senate and the Committee on Merchant Marine and Fisheries of the House of Representatives on the status of efforts to develop and implement recovery plans for all species listed pursuant to this section and on the status of all species for which such plans have been developed.

(4) The Secretary shall, prior to final approval of a new or revised recovery plan, provide public notice and an opportunity for public review and comment on such plan. The Secretary shall consider all information presented during the public comment period prior to approval of the plan.

(5) Each Federal agency shall, prior to implementation of a new or revised recovery plan, consider all information presented during the public comment period under paragraph (4).

**16 U.S.C. § 1536**

## § 1536. Interagency cooperation

(a)  Federal agency actions and consultations

(1)  The Secretary shall review other programs administered by him and utilize such programs in furtherance of the purposes of this chapter. All other Federal agencies shall, in consultation with and with the assistance of the Secretary, utilize their authorities in furtherance of the purposes of this chapter by carrying out programs for the conservation of endangered species and threatened species listed pursuant to section 1533 of this title.

## 16 U.S.C. § 1538

## § 1538. Prohibited acts

(a)  Generally

    (1)  Except as provided in sections 1535(g)(2) and 1539 of this title, with respect to any endangered species of fish or wildlife listed pursuant to section 1533 of this title it is unlawful for any person subject to the jurisdiction of the United States to—

…

        (C)  take any such species within the United States or the territorial sea of the United States;

…

        (G)  violate any regulation pertaining to such species or to any threatened species of fish or wildlife listed pursuant to section 1533 of this title and promulgated by the Secretary pursuant to authority provided by this chapter.

## 16 U.S.C. § 1539

### § 1539. Exceptions

(a)  Permits

    (1)  The Secretary may permit, under such terms and conditions as he shall prescribe—

…

        (B) any taking otherwise prohibited by section 1538(a)(1)(B) of this title if such taking is incidental to, and not the purpose of, the carrying out of an otherwise lawful activity.

**28 U.S.C. § 1291**

### § 1291. Final decisions of district courts

The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title.

**28 U.S.C. § 1331**

## § 1331. Federal question

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

## 40 C.F.R. § 1502.14 (2019)

### § 1502.14. Alternatives including the proposed action

This section is the heart of the environmental impact statement. Based on the information and analysis presented in the sections on the Affected Environment (§1502.15) and the Environmental Consequences (§1502.16), it should present the environmental impacts of the proposal and the alternatives in comparative form, thus sharply defining the issues and providing a clear basis for choice among options by the decisionmaker and the public. In this section agencies shall:

(a) Rigorously explore and objectively evaluate all reasonable alternatives, and for alternatives which were eliminated from detailed study, briefly discuss the reasons for their having been eliminated.

(b) Devote substantial treatment to each alternative considered in detail including the proposed action so that reviewers may evaluate their comparative merits.

(c) Include reasonable alternatives not within the jurisdiction of the lead agency.

(d) Include the alternative of no action.

(e) Identify the agency's preferred alternative or alternatives, if one or more exists, in the draft statement and identify such alternative in the final statement unless another law prohibits the expression of such a preference.

(f) Include appropriate mitigation measures not already included in the proposed action or alternatives.

**40 C.F.R. § 1502.15 (2019)**

## § 1502.15. Affected environment

The environmental impact statement shall succinctly describe the environment of the area(s) to be affected or created by the alternatives under consideration. The description shall be no longer than is necessary to understand the effects of the alternatives. Data and analyses in a statement shall be commensurate with the importance of the impact, with less important material summarized, consolidated, or simply referenced. Agencies shall avoid useless bulk in statements and shall concentrate effort and attention on important issues. Verbose descriptions of the affected environment are themselves no measure of the adequacy of an environmental impact statement.

**40 C.F.R. § 1502.16 (2019)**

## § 1502.16. Environmental consequences

This section forms the scientific and analytic basis for the comparisons under §1502.14. It shall consolidate the discussions of those elements required by sections 102(2)(C)(i), (ii), (iv), and (v) of NEPA which are within the scope of the statement and as much of section 102(2)(C)(iii) as is necessary to support the comparisons. The discussion will include the environmental impacts of the alternatives including the proposed action, any adverse environmental effects which cannot be avoided should the proposal be implemented, the relationship between short-term uses of man's environment and the maintenance and enhancement of long-term productivity, and any irreversible or irretrievable commitments of resources which would be involved in the proposal should it be implemented. This section should not duplicate discussions in §1502.14. It shall include discussions of:

(a)  Direct effects and their significance (§1508.8).

(b)  Indirect effects and their significance (§1508.8).

(c)  Possible conflicts between the proposed action and the objectives of federal, regional, state, and local (and in the case of a reservation, Indian tribe) land use plans, policies and controls for the area concerned. (See §1506.2(d).)

(d)  The environmental effects of alternatives including the proposed action. The comparisons under §1502.14 will be based on this discussion.

(e)  Energy requirements and conservation potential of various alternatives and mitigation measures.

(f)  Natural or depletable resource requirements and conservation potential of various alternatives and mitigation measures.

(g)  Urban quality, historic and cultural resources, and the design of the built environment, including the reuse and conservation potential of various alternatives and mitigation measures.

(h)  Means to mitigate adverse environmental impacts (if not fully covered under §1502.14(f)).

## 40 C.F.R. § 1508.27 (2019)

### § 1508.27.  Significantly

"Significantly" as used in NEPA requires considerations of both context and intensity:

…

(b)  Intensity. This refers to the severity of impact. Responsible officials must bear in mind that more than one agency may make decisions about partial aspects of a major action. The following should be considered in evaluating intensity:

…

    (9) The degree to which the action may adversely affect an endangered or threatened species or its habitat that has been determined to be critical under the Endangered Species Act of 1973.

**46 C.F.R. § 24.10-1**

## § 24.10-1. Definitions

…

Motorboat means any vessel indicated in column five of table 24.05-1(a) in § 24.05-1, 65 feet in length or less, which is equipped with propulsion machinery (including steam). The length must be measured from end-to-end over the deck, excluding sheer. This term includes a boat equipped with a detachable motor. For the purpose of this subchapter, motorboats are included under the term vessel, unless specifically noted otherwise.

(1)   The various length categories of motorboats are as follows:

    (i)   Any motorboat less than 16 feet in length.

    (ii)  Any motorboat 16 feet or over and less than 26 feet in length.

    (iii) Any motorboat 26 feet or over and less than 40 feet in length.

    (iv)  Any motorboat 40 feet or over and not more than 65 feet in length.

## 50 C.F.R. § 223.205

**§ 223.205. Sea turtles**

(a) The prohibitions of section 9 of the Act (16 U.S.C. 1538) relating to endangered species apply to threatened species of sea turtle, except as provided in § 223.206.

### 50 C.F.R. § 223.206 (2018)

### § 223.206. Exceptions to prohibitions relating to sea turtles

…

(d)   Exception for incidental taking.  The prohibitions against taking in § 223.205(a) do not apply to the incidental take of any member of a threatened species of sea turtle (i.e., a take not directed towards such member) during fishing or scientific research activities, to the extent that those involved are in compliance with all applicable requirements of paragraphs (d)(1) through (d)(11) of this section, or in compliance with the terms and conditions of an incidental take permit issued pursuant to paragraph (a)(2) of this section.

…

    (2)   *Gear requirements for trawlers* -

        (i)   TED requirement for shrimp trawlers.  Any shrimp trawler that is in the Atlantic Area or Gulf Area must have an approved TED installed in each net that is rigged for fishing. A net is rigged for fishing if it is in the water, or if it is shackled, tied, or otherwise connected to any trawl door or board, or to any tow rope, cable, pole or extension, either on board or attached in any manner to the shrimp trawler. Exceptions to the TED requirement for shrimp trawlers are provided in paragraph (d)(2)(ii) of this section.

        (ii)   *Exemptions from the TED requirement* -

          (A)   *Alternative tow-time restrictions.* A shrimp trawler is exempt from the TED requirements of paragraph (d)(2)(i) of this section if it complies with the alternative tow-time restrictions in paragraph (d)(3)(i) of this section and if it:

…

             (*3*) Has only a pusher-head trawl, skimmer trawl, or wing net rigged for fishing;

…

    (3)   *Tow-time restrictions* -

        (i)   *Duration of tows.* If tow-time restrictions are utilized pursuant to paragraph (d)(2)(ii), (d)(3)(ii), or (d)(3)(iii) of this section, a shrimp trawler must limit tow times. The tow time is measured from the time that the trawl door enters the water until it is removed from the water. For a trawl that is not attached to a door, the tow time is measured

18

from the time the codend enters the water until it is removed from the water. Tow times may not exceed:

(A) 55 minutes from April 1 through October 31; and

(B) 75 minutes from November 1 through March 31.

## 50 C.F.R. § 223.207

### § 223.207. Approved TEDs

Any netting, webbing, or mesh that may be measured to determine compliance with this section is subject to measurement, regardless of whether it is wet or dry. Any such measurement will be of the stretched mesh size.

…

(e) ***Revision of generic design criteria, and approval of TEDs, of allowable modifications of hard TEDs, and of special hard TEDs.***

    (1) The Assistant Administrator may revise the generic design criteria for hard TEDs set forth in paragraph (a) of this section, may approve special hard TEDs in addition to those listed in paragraph (b) of this section, may approve allowable modifications to hard TEDs in addition to those authorized in paragraph (d) of this section, or may approve other TEDs, by regulatory amendment, if, according to a NMFS-approved scientific protocol, the TED demonstrates a sea turtle exclusion rate of 97 percent or greater (or an equivalent exclusion rate). Two such protocols have been published by NMFS (52 FR 24262, June 29, 1987; and 55 FR 41092, October 9, 1990) and will be used only for testing relating to hard TED designs. Testing under any protocol must be conducted under the supervision of the Assistant Administrator, and shall be subject to all such conditions and restrictions as the Assistant Administrator deems appropriate. Any person wishing to participate in such testing should contact the Director, Southeast Fisheries Science Center, NMFS, 75 Virginia Beach Dr., Miami, FL 33149-1003.